IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The School District of Philadelphia, : CASES CONSOLIDATED
 Appellant :
 :
 v. : No. 195 C.D. 2021
 : No. 265 C.D. 2021
Board of Revision of Taxes, :
The City of Philadelphia, :
and Teva Pharmaceuticals USA :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 196 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and 401 Market Street a/k/a :
MREF 401 LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 197 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
1500 Net Works Associates :
a/k/a Net Works Building :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 198 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and PR Chestnut :
Associates LP :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 199 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Hub Properties Trust now owned by :
Commonwealth of PA - SEPTA :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 200 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Two Logan Square Associates :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 201 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and OLS Office :
Partners LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 202 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and Commerce :
Square Partners :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 203 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and Maguire/Thomas PTNS :
Phila Plaza Phase II :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 204 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and Cedar South Philadelphia :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 205 C.D. 2021
 : No. 223 C.D. 2021
Board of Revision of Taxes, : No. 259 C.D. 2021
The City of Philadelphia, : No. 260 C.D. 2021
and ARD Grant LP a/k/a : No. 285 C.D. 2021
The Court at Grant :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 206 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and 1760 Market Partners LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 207 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and SWP Real :
Estate LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 208 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and BA Parkway :
Associates II a/k/a Embassy Suites :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 209 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Public Storage Properties XVIII :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 210 C.D. 2021
 : No. 266 C.D. 2021
Board of Revision of Taxes, :
The City of Philadelphia, and :
SPSP Corporation :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 211 C.D. 2021
 : No. 252 C.D. 2021
Board of Revision of Taxes, The : No. 258 C.D. 2021
City of Philadelphia, and 2400 : No. 286 C.D. 2021
Market VII LP a/k/a Marketplace :
Design Center :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 212 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and 4401 :
Walnut Holdings LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 213 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
T C Pepper Building G P LLC :
a/k/a The Pepper Building :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 214 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Hill House Apartment Association :
a/k/a The Watermark :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 215 C.D. 2021
 : No. 218 C.D. 2021
Board of Revision of Taxes, :
The City of Philadelphia, :
and WWW Premier Holdings LLC :
a/k/a Winchester Walk :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 216 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and Offices at Two Liberty PL :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 217 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and CRP-Grep :
Rushwood LP a/k/a Rushwood :
Apartments now owned by :
RSW Premier Holdings LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 219 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and Charter Court :
Holdings LL a/k/a Charter Court :
Apartments :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 220 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Cedar Quartermaster LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 221 C.D. 2021
 : No. 283 C.D. 2021
Board of Revision of Taxes, The : No. 284 C.D. 2021
City of Philadelphia, and PR :
Northeast Limited Partnership :
a/k/a Northeast Tower Center :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 222 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and Red Lion :
MZL LP :

The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 224 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Center City Chestnut LLC :
a/k/a Nineteen Thirty Chestnut :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 226 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and 777 South Broad Street AS :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 227 C.D. 2021
 : No. 256 C.D. 2021
Board of Revision of Taxes, The :
City of Philadelphia, and PR Walnut :
Associates LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 228 C.D. 2021
 : No. 229 C.D. 2021
Board of Revision of Taxes, The :
City of Philadelphia, and Market Square :
Plaza I LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 253 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and Super Salvage, Inc. a/k/a CVS :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 254 C.D. 2021
 :
Board of Revision of Taxes, The City :
of Philadelphia, and 23rd Street :
Garage VII LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 255 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
618 Market LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 257 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and Brandywine :
Operating Partners LP a/k/a Bell :
Atlantic Tower :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 261 C.D. 2021
 : No. 262 C.D. 2021
Board of Revision of Taxes, The :
City of Philadelphia, and Two :
Liberty Place LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 263 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Brandywine Operating Part :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 264 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Philadelphia-Harbison LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 268 C.D. 2021
 :
Board of Revision of Taxes, The City :
of Philadelphia, and Treeco/Manor :
Limited Part :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 269 C.D. 2021
 :
Board of Revision of Taxes, The City :
of Philadelphia, and Jar Chocolate Works :
LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 270 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and 1616-26 :
Walnut Street :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 272 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and PECO :
Energy Company :
 :
The School District of Philadelphia, :
 Appellant, :
 :
 v. : No. 273 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and Charter School Holdings LL :
a/k/a Charter Court Apartments :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 274 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Phila Liberty PLA E LP a/k/a/ Liberty One :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 275 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Panco CC Rittenhouse Row :
Rittenhouse Row Investors a/k/a :
American Patriots Bldg :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 276 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Post Rittenhouse Hill LP a/k/a :
Rittenhouse Hill Apartments :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 277 C.D. 2021
 :
Board of Revision of Taxes, The City :
of Philadelphia, and Boulevard North :
Associate a/k/a Whitman Square :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 278 C.D. 2021
 :
Board of Revision of Taxes, The City :
of Philadelphia, and Cedar Quartermaster :
II LL :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 279 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Boulevard North Associate LP :
a/k/a Whitman Square :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 280 C.D. 2021
 : No. 282 C.D. 2021
 :
Board of Revision of Taxes, The City :
of Philadelphia, and Delaware East Assoc :
LP a/k/a Columbus Commons :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 281 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and Delaware :
East Assoc a/k/a Columbus :
Commons :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 287 C.D. 2021
 :
Board of Revision of Taxes, The City :
of Philadelphia, and Center City Walnut :
LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 288 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and Delaware :
East Associates a/k/a Columbus :
Commons :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 419 C.D. 2021
 : Argued: March 7, 2023
Board of Revision of Taxes, The :
City of Philadelphia, and G2 S2 :
ASSPC LP a/k/a 1605 Sansom :

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
 HONORABLE ANNE E. COVEY, Judge
 HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION FILED: October 6, 2023
BY SENIOR JUDGE LEAVITT

 The School District of Philadelphia (School District) has appealed an
order of the Court of Common Pleas of Philadelphia County (trial court) that
quashed the School District’s appeal of 138 commercial property tax assessments.1
The School District argues that the trial court erred in holding that the School
District’s decision to appeal only commercial property assessments violated the
Uniformity Clause in the Pennsylvania Constitution, PA. CONST. art. VIII, §1.2 For
the reasons to follow, we affirm.
 Background
 On August 9, 2016, the School District issued a request for proposals
seeking professional assistance to prosecute tax assessment appeals of properties in
the City of Philadelphia “where it is reasonably likely that an appeal of [the] assessed
value will yield a minimum of an additional $7,500 of School District tax
annually[.]” Request for Proposals at 6; Reproduced Record at 262a (R.R. __). The
School District chose Keystone Realty Advisors, LLC (Keystone) to identify tax
assessment appeals that could meet the targeted yield and Fellerman & Ciarimboli
Law, P.C. (Law Firm) to provide legal representation in the assessment appeals.

1
 On October 20, 2021, the trial court issued an “Addendum to Opinion,” which explained that a
number of the 138 assessment appeals initially filed by the School District with the trial court had
settled, leaving 74 appeals with this Court. Thereafter, the appeal at No. 194 C.D. 2021 was
discontinued. Before the Court, then, are 73 appeals of the trial court’s order of February 5, 2021.
 By orders of this Court, the School District’s appeals at Docket Nos. 195-224, 226-229,
252-256, 257, 258-266, 268-288, and 419 C.D. 2021, were consolidated.
2
 The Uniformity Clause of the Pennsylvania Constitution provides, in relevant part, that “[a]ll
taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority
levying the tax[.]” PA. CONST. art. VIII, §1.
 On October 3, 2016, the School District appealed the assessments on
138 commercial properties to the Philadelphia Board of Revision of Taxes.3 The
School District did not appear at the hearings on its appeals, explaining that it did
not have the information necessary to prosecute its appeals. The Board of Revision
of Taxes upheld the assessments “on the papers,” which the School District appealed
to the trial court.4
 On July 6, 2017, the Supreme Court issued its ruling in Valley Forge
Towers Apartments N, LP v. Upper Merion Area School District, 163 A.3d 962 (Pa.
2017), which construed the Uniformity Clause as follows:
 [A] taxing authority is not permitted to implement a program of
 only appealing the assessments of one sub-classification of
 properties, where that sub-classification is drawn according to
 property type – that is, its use as commercial, apartment
 complex, single-family residential, industrial, or the like.

Id. at 978 (emphasis added). Relying on this holding, owners of some of the 138
properties appealed by the School District (Taxpayers) filed motions to quash. They
argued that because the School District limited its 2017 assessment appeals to
commercial properties, these appeals violated the Uniformity Clause. The School
District responded that it used a monetary threshold to determine which property
assessments to appeal, and this policy conformed to the requirements of the
Uniformity Clause, as construed in Valley Forge, 163 A.3d 962.
 Following oral argument, the trial court ruled from the bench and
quashed the School District’s assessment appeals. The trial court stated as follows:

3
 The Board of Revision of Taxes hears appeals of assessments. See Section 14 of the Act of June
27, 1939, P.L. 1199, as amended, 72 P.S. §5341.14.
4
 “[A]n appeal from the Board’s ruling is heard by the trial court de novo.” Lincoln Philadelphia
Realty Associates I v. Board of Revision of Taxes of City and County of Philadelphia, 758 A.2d
1178, 1187 (Pa. 2000).
 2
 What I do have to find is that 140 cases, I can take judicial notice
 that there are way more commercial properties in the City of
 Philadelphia and there are way more residential properties, and
 that this was clearly a decision that was made to pick these 140
 cases and to me that’s clearly what Valley Forge said I’m right.
 . . . It’s the decision to appeal. For other reasons that I don’t need
 to state on the record I find that the motion to quash should be
 granted and in all cases the motion[s] to quash [are] granted.

School District of Philadelphia v. Board of Revision of Taxes, 217 A.3d 472, 482
(Pa. Cmwlth. 2019) (emphasis added) (citation omitted).
 The School District appealed to this Court, arguing, inter alia, that the
trial court erred in using judicial notice and statements by counsel as evidence to
support its findings. This Court agreed, concluding that an evidentiary record was
required to make the above-related factual determinations. Accordingly, we vacated
the trial court’s decision and remanded the matter to the trial court to adduce
evidence on the School District’s tax assessment appeal program before ruling on
Taxpayers’ motions to quash. On remand, the trial court conducted a two-day
evidentiary hearing.
 On November 16, 2020, Taxpayers presented the testimony of Uri
Monson, the Chief Financial Officer for the School District, as on cross-
examination. He testified that for the 2017-2018 tax year, the School District
devised a program to target those underassessed properties where an assessment
appeal was likely to generate an additional $7,500 of school tax revenue per annum.
Monson arrived at this monetary threshold through a combination of “experience,
gut, and back of envelope” calculations. Notes of Testimony (N.T.), 11/16/2020, at
32-33; R.R. 35a-36a. To generate an annual tax increase of $7,500, the property had
to be underassessed by approximately $1 million. Monson testified that the School
District targeted commercial and industrial properties because they “had not been

 3
reassessed most recently by the City.” N.T., 11/16/2020, at 47; R.R. 52a. Monson
explained that on September 8, 2016, the School District awarded the contract to
Keystone, which left a “fairly compressed timeframe” to identify properties for
appeal because they had to be filed by October 3, 2016. N.T., 11/16/2020, at 37;
R.R. 41a. The School District did not evaluate the fair market value of underassessed
properties; rather, it followed Keystone’s recommendation in that regard. N.T.,
11/16/2020, at 51; R.R. 54a.
 Daniel Rudderow, a Keystone principal, also testified as on cross-
examination. He testified that he was tasked with the responsibility to identify those
underassessed properties that were reasonably likely to generate at least $7,500 in
additional tax revenue per annum. He “only had three weeks” to conduct his review.
N.T., 11/16/2020, at 96; R.R. 106a. He acknowledged that not a single-family
residence was contained in his “recommended list of 138 properties” for a tax
assessment appeal. N.T., 11/16/2020, at 65; R.R. 71a.
 Rudderow began his review by listing 580,000 properties in the City on
a spreadsheet. He then eliminated “right off the bat” whole “blocks of properties
from that spreadsheet,” i.e., more than 520,000 properties. N.T., 11/16/2020, at 68;
R.R. 74a-75a. He did not use a system to remove the blocks of properties; rather, he
did it “randomly.” N.T., 11/16/2020, at 70; R.R. 77a. In his words, “I eyeballed it.”
Id. This random selection produced a spreadsheet of approximately 65,000
properties. To choose properties from that list for review, Rudderow would “look
at some lines” and “would skip some lines” highlighting certain properties on the
spreadsheet. N.T., 11/16/2020, at 75; R.R. 83a. He also consulted sources for real
property sales data, such as CoStar, the Philadelphia Business Journal, the Greater
Philadelphia Market, and Zillow. Except for Zillow, the sources Rudderow

 4
consulted are oriented to commercial properties. N.T., 11/16/2020, at 76-78; R.R.
84a-86a.
 In this way, out of the spreadsheet of 65,000 properties, Rudderow
compiled a list of 266 properties for review. Of the 266 properties, he recommended
138 properties for tax assessment appeals, believing that they were reasonably likely
to meet the School District’s threshold for an annual tax increase of $7,500.
 Finally, Rudderow testified that he reviewed a report prepared by
Taxpayers’ real estate appraisal expert, Kevin Flynn, which identified 33 single-
family residential properties that met the School District’s criteria for a tax
assessment appeal in 2017 but were not appealed. Rudderow testified that because
he “had a limited amount of time,” he “allocated more time towards looking at those
properties that were not recently reassessed[.]” N.T., 11/16/2020, at 79; R.R. 86a-
87a. Accordingly, he did not consider those 33 residential properties. However, in
2018, the School District appealed the assessments of 32 of these 33 properties.
 At the hearing on November 25, 2020, Taxpayers’ expert, Kevin Flynn,
testified. He explained that to meet the School District’s threshold of $7,500 in
annual additional tax revenue, the property had to be underassessed by $976,000.
Flynn identified 33 underassessed residential properties that met the School
District’s monetary threshold of a $7,500 tax increase but were not appealed. Flynn
found that the commercial properties appealed in 2017 by the School District had
assessments between $20 million to $150 million. Flynn testified that Rudderow’s
highlighting on the spreadsheet of 65,000 properties fell on lines at the beginning
and at the end of the spreadsheet, with almost no highlighted lines in the middle.
The properties at the beginning of the spreadsheet had assessments ranging from $10
million to $70 million. The properties at the end of the spreadsheet had assessments

 5
ranging from $40 million to $700 million. Properties “in the middle” of the
spreadsheet of 65,000 properties were not highlighted. N.T., 11/25/2020, at 32; R.R.
167a.
 Following the hearing, the trial court issued an opinion and order
granting Taxpayers’ motions to quash the School District’s tax assessment appeals.
The trial court found that the School District adopted a tax assessment appeal policy
that would generate $7,500 in additional annual tax revenue for each property, which
it then rushed to implement. By the time the School District selected Keystone and
the Law Firm, and had those contracts ratified by the School Reform Commission,
only three weeks remained before the deadline for filing the 2017 tax assessment
appeals.
 The trial court found that to identify properties for tax assessment
appeal, Rudderow “took a sample” of the 580,000 properties, randomly removing
large blocks of properties. Trial Court Op. at 6. Once Rudderow whittled the list
down to 65,000 properties, he then looked at some properties, and skipped other
properties, which produced a list of 266 properties for review. Rudderow did not
use a listing service for information on residential property sales data; instead, he
used services geared towards nonresidential properties. In the end, all the properties
he recommended for tax assessment appeals were commercial properties.
 The trial court acknowledged that Valley Forge left open the possibility
of using monetary thresholds to choose tax assessment appeals. However, it noted
that the Supreme Court also cautioned that any policy must be “implemented without
regard to the type of property in question or the residency status of its owner.” Trial
Court Op. at 13-14 (quoting Valley Forge, 163 A.3d at 979). In its rush to meet the
2017 appeal deadline, the School District ignored all properties, save a select and

 6
small number of commercial properties. On these findings, the trial court concluded
that the School District’s 2017 tax assessment appeals violated the Uniformity
Clause and granted Taxpayers’ motions to quash.
 The School District filed the instant appeals.
 Appeal
 On appeal,5 the School District raises two issues. First, the School
District argues that the trial court erred in holding that the implementation of the
School District’s tax assessment appeals program for the 2017 tax year violated the
Uniformity Clause. Second, the School District argues that, notwithstanding the trial
court’s decision to quash its assessment appeals for 2017, the trial court should have
addressed assessments for tax years 2018 through 2021, which were automatically
appealed by reason of the School District’s 2017 appeal.
 Analysis
 We begin with a review of the law.
 The Uniformity Clause of the Pennsylvania Constitution states as
 follows:
 All taxes shall be uniform, upon the same class of subjects,
 within the territorial limits of the authority levying the tax,
 and shall be levied and collected under general laws.

 PA. CONST. art. VIII, §1. The Uniformity Clause ensures that “a taxpayer should
 pay no more or no less than his proportionate share of the cost of government.” In
 re Sullivan, 37 A.3d 1250, 1254-55 (Pa. Cmwlth. 2012) (quoting Deitch Company
 v. Board of Property Assessment, Appeals and Review of Allegheny County, 209

5
 This Court’s standard of review of the trial court’s order granting a motion to quash an appellant’s
appeal determines whether the trial court committed an error of law, an abuse of discretion, or a
violation of constitutional rights. Ray v. Brookville Area School District, 19 A.3d 29, 31 n.3 (Pa.
Cmwlth. 2011).
 7
 A.2d 397, 401 (Pa. 1965)). The value of the Uniformity Clause has been
 summarized as follows:
 While every tax is a burden, it is more cheerfully borne when the
 citizen feels that he is only required to bear his proportionate
 share of that burden measured by the value of his property to that
 of his neighbor. This is not an idle thought in the mind of the
 taxpayer, nor is it a mere speculative theory advocated by learned
 writers on the subject; but it is a fundamental principle written
 into the Constitutions and statutes of almost every state in this
 country.

Delaware, L. & W. Railway Company’s Tax Assessment, 73 A. 429, 430 (Pa. 1909).
 Within a taxing district, all real property “is a single class.” Valley
Forge, 163 A.3d at 975. For this reason, “the Uniformity Clause does not permit the
government, including taxing authorities, to treat different property sub-
classifications in a disparate manner.” Id. In Clifton v. Allegheny County, 969 A.2d
1197, 1212 (Pa. 2009), our Supreme Court established that real property is “a
classification” and that the Uniformity Clause requires “all real estate [be] treated as
a single class entitled to uniform treatment.”
 The General County Assessment Law6 authorizes any taxing authority
to appeal a real property assessment. Section 520 states as follows:
 The corporate authorities of any county, city, borough, town,
 township, school district or poor district, which may feel
 aggrieved by any assessment of any property or other subject of
 taxation for its corporate purposes, shall have the right to appeal
 therefrom in the same manner, subject to the same procedure,
 and with like effect, as if such appeal were taken by a taxable
 with respect to his property.

6
 Act of May 22, 1933, P.L. 853, as amended, 72 P.S. §§5020-1-5020-602.
 8
72 P.S. §5020-520. It is axiomatic that when a taxing authority, such as a school
district, exercises its discretion to appeal a real property assessment, it must do so
within “constitutional boundaries.” Valley Forge, 163 A.3d at 980. Where a taxing
authority appeals only “the assessments of one sub-classification of properties,
where that sub-classification is drawn according to property type,” it acts outside
applicable constitutional boundaries. Id. at 978.
 In Valley Forge, 163 A.3d 962, several taxpayers challenged the school
district’s program of appealing commercial property tax assessments but not
residential property assessments. The taxpayers sought to enjoin the school district’s
tax assessment appeal policy as violative of the Uniformity Clause. The trial court
dismissed the complaint as not stating a claim, and this Court affirmed. The
Supreme Court reversed, holding as follows:
 [A] taxing authority is not permitted to implement a program of
 only appealing the assessments of one sub-classification of
 properties, where that sub-classification is drawn according to
 property type – that is, its use as commercial, apartment complex,
 single-family residential, industrial, or the like.

Id. at 978. The Supreme Court further explained that “systematic disparate
enforcement of the tax laws based on property sub-classification, even absent
wrongful conduct, is constitutionally precluded[.]” Id. The Supreme Court
cautioned, however, that its holding should not be construed as an absolute
prohibition of a neutral selection criterion, such as a monetary threshold, so long as
it “were implemented without regard to the type of property in question or the
residency status of its owner.” Id. at 979. The Supreme Court held that because the
taxpayers’ complaint alleged that only commercial property assessments were
appealed, it stated a valid claim under the Uniformity Clause.

 9
 Following Valley Forge, this Court decided GM Berkshire Hills LLC v.
Berks County Board of Assessment, 257 A.3d 822 (Pa. Cmwlth. 2021) (GM
Berkshire I). There, the school district’s tax assessment appeals program used
monthly reports generated by the State Tax Equalization Board to identify properties
for appeal. These reports listed recent property sales in each county along with the
sales prices and current assessed values. Beginning with recently sold properties,
the school district applied the county’s applicable common level ratio 7 of 68.5% to
each recent sale price. If the difference between the recent sale price and the
assessment was greater than $150,000, the school district pursued a tax assessment
appeal. The $150,000 figure represented the threshold at which the revenue from a
successful appeal would justify the cost of the legal and appraisal fees necessary for
the school district to undertake the appeal.
 GM Berkshire challenged the school district’s use of recently sold
properties as a basis for selecting properties for tax appeal. It argued that challenging
the assessment of properties under new ownership violates both the federal Equal
Protection Clause8 and Pennsylvania’s Uniformity Clause. This Court rejected this
claim. We concluded that using the recent sale of an assessed property did not create
an improper classification, reasoning that such sales are used to establish market
value in any assessment appeal. Further, the school district’s use of recent property
sales did not differentiate on the basis of property type. As such, the school district’s
method did not violate either the Equal Protection Clause or the Uniformity Clause.
On further appeal, an equally divided Supreme Court affirmed this Court’s decision

7
 Section 102 of The General County Assessment Law defines the “common level ratio” as “the
ratio of assessed value to current market value used generally in the county as last determined by
the State Tax Equalization Board pursuant to the act of June 27, 1947 (P.L. 1046, No. 447), referred
to as the State Tax Equalization Board Law.” 72 P.S. §5020-102.
8
 U.S. CONST. amend. XIV, §1.
 10
that the school district’s method of selecting properties for a tax assessment appeal
did not violate the Uniformity Clause. GM Berkshire Hills LLC v. Berks County
Board of Assessment, 290 A.3d 238, 250 (Pa. 2023) (GM Berkshire II).
 More recently, in Duffield House Associates, L.P. v. City of
Philadelphia, 260 A.3d 329 (Pa. Cmwlth. 2021), appeal denied, 279 A.3d 1185 (Pa.
2022), this Court affirmed an order of the Court of Common Pleas of Philadelphia
County that enjoined the City of Philadelphia’s reassessment of 41,730 commercial
properties. We held that the City’s decision to target a property sub-classification
for reassessment, while leaving other sub-classifications of property alone, violated
the Uniformity Clause.
 In Duffield, we distinguished Kennett Consolidated School District v.
Chester County Board of Assessment Appeals, 228 A.3d 29 (Pa. Cmwlth. 2020),
appeal granted, 240 A.3d 611, appeal dismissed as improvidently granted, 259 A.3d
890 (Pa. 2021), on which the City had relied. In Kennett, a taxpayer challenged a
school district’s tax assessment appeal of its property on the grounds that it violated
the Uniformity Clause. In that case, the school district set a monetary threshold of
a $1 million underassessment, which affected only commercial property
assessments. We concluded that the appeal program was constitutional because it
was not based on type of property but on the amount of the underassessment. The
fact that the program’s implementation resulted in an appeal of only commercial
property assessments did not establish a per se violation of the Uniformity Clause.
 With these principles in mind, we turn to the School District’s first
claim of error.
 The School District argues that the trial court proceeded under the
incorrect assumption that because the 2017 assessment appeals were all commercial

 11
properties, those appeals violated the Uniformity Clause. The School District
contends that its tax assessment appeals policy used a neutral monetary threshold,
and the fact that only commercial property assessments were appealed is irrelevant,
as established in Kennett, 228 A.3d 29. In further support, the School District directs
the Court to East Stroudsburg Area School District v. Meadow Lake Plaza, LLC (Pa.
Cmwlth., No. 371 C.D. 2018, filed October 17, 2019) (unreported)9 (holding that a
$10,000 monetary threshold did not violate the Uniformity Clause even though only
commercial properties met the threshold); and Punxsutawney Area School District
v. Broadway Timber, LLC (Pa. Cmwlth., No. 1209 C.D. 2018, filed October 29,
2019) (unreported) (holding that the use of recent sales prices to decide which
assessments to appeal did not violate the Uniformity Clause). The School District
argues that the number of properties it selected for assessment appeals is irrelevant
as is the fact that there were residential properties that met its monetary threshold
but were not appealed. Neither fact rendered the School District’s 2017 appeals of
138 commercial property assessments unconstitutional.
 Taxpayers respond that it was the implementation of the School District
policy that violated the Uniformity Clause. The School District’s “slipshod and
piecemeal” implementation fixed on commercial and industrial properties, which
created an unlawful classification. Taxpayers Brief at 2. As the Supreme Court has
observed, “disparate enforcement of the tax laws based on property sub-
classifications, even absent wrongful conduct, is unconstitutionally precluded[.]”
Valley Forge, 163 A.3d at 978 (emphasis added). Taxpayers argue that the School
District simply ignores the trial court’s “core holdings” on the implementation of its

9
 An unreported panel decision of this Court, “issued after January 15, 2008,” may be cited “for
its persuasive value[.]” Section 414(a) of the Commonwealth Court’s Internal Operating
Procedures, 210 Pa. Code §69.414(a).
 12
policy, which “unconstitutional process yielded an unconstitutional result.”
Taxpayers Brief at 2. Although the School District’s tax assessment appeal was
stated in terms of a neutral monetary threshold, that fact alone did not establish that
its 2017 appeal of 138 assessments was constitutional.
 The record fully supports the trial court’s “core holdings.” Out of
580,000 properties, Rudderow selected 266 properties to review, using a random and
piecemeal methodology that was neither objective nor neutral. He eliminated
“whole blocks” of properties without explanation. N.T., 11/16/2020, at 68, R.R.
74a-75a. To select the 266 properties for “review,” Rudderow used commercial real
property services. Monson acknowledged that the School District’s program’s
purpose was “to target commercial and industrial properties” because they had not
been “recently reassessed.” N.T., 11/16/2020, at 47; R.R. 52a. Rudderow also
rationalized the focus on commercial properties by claiming that the properties had
not “recently” been reassessed. N.T., 11/16/2020, at 79; R.R. 86a-87a. Their claim
of a recent reassessment of residential properties was neither explained nor
documented. It seems unlikely that the City did a countywide assessment of only
residential properties, and the School District presented no evidence, for example,
that prior to 2017 it used recent sales to file assessment appeals, which sales had not
included commercial and industrial properties. Rudderow’s “highlighting” of the
spreadsheet of 65,000 properties fell on properties with the highest assessments and,
not surprisingly, properties in the range of $40 to $700 million turned out to be
commercial and industrial properties. Simply, the evidence showed that the
implementation of the School District’s policy was not neutral but tilted toward the
selection of a sub-classification of properties, i.e., commercial and industrial, as
found by the trial court.

 13
 Further, the School District assumes that its monetary threshold for
selecting assessments satisfies the Uniformity Clause, but this is not a correct
assumption. The Supreme Court’s statement that the “use of a monetary threshold”
may be constitutional was not the holding. Valley Forge, 163 A.3d at 979. As
explained in an opinion in support of reversal in GM Berkshire II, Justice Donohue,
joined by Chief Justice Todd and Justice Dougherty, stated as follows:
 It is true that we, in unfortunate dicta, commented on the
 potential propriety of a purely monetary threshold in Valley
 Forge []. However, we have never decided whether such
 thresholds are permissible under the Uniformity Clause.

GM Berkshire II, 290 A.3d at 253 (Donohue, J.) (opinion in support of reversal).
Even so, the monetary threshold must be “implemented without regard to the type
of property in question or the residency status of its owner.” Valley Forge, 163 A.3d
at 979.
 The holding in Valley Forge is that taxing districts may not exercise
their discretion in a discriminatory manner that targets certain types of properties for
appeal. Further, Valley Forge did not hold that a monetary threshold to choose
properties for an assessment appeal satisfies the Uniformity Clause. The prevailing
requirement remains that “similarly situated taxpayers should not be deliberately
treated differently by taxing authorities.” Downingtown Area School District v.
Chester County Board of Assessment Appeals, 913 A.2d 194, 201 (Pa. 2006). This
principle governs our analysis here.
 The School District’s stated tax assessment appeal policy may be
facially neutral, but its haphazard implementation of this policy was not neutral. For
tax year 2017, Keystone had three weeks to identify and recommend properties
before the assessment deadline, and this produced an arbitrary implementation.

 14
Rudderow acknowledges that he randomly rejected 520,000 properties by
“eyeball[ing],” and it cannot be assumed that Rudderow’s work was free of bias.
N.T., 11/16/2020, at 74; R.R. 77a. From the 65,000 properties on the second
spreadsheet, Rudderow selected a mere 266 properties to review, none of which were
single-family residential properties. Rudderow acknowledged that there were other
underassessed properties that met the School District’s monetary threshold, whose
assessments were not appealed. N.T., 11/16/2020, at 102-04; R.R. 112a-14a.
 The School District’s reliance on East Stroudsburg, Punxsutawney, and
Kennett is misplaced. The implementation of the tax assessment appeal policy was
not at issue in these cases but, rather, the stated terms of the policy.
 Here, the findings of the trial court support its conclusion that the
School District’s 2017 tax assessment appeals violated the Uniformity Clause.
Rudderow’s idiosyncratic and subjective selection of underassessed properties was
arbitrary and deliberately exempted from review numerous properties that could
have yielded an additional $7,500 in annual tax revenue. At least 33 single-family
residential properties met the monetary formula threshold that could have been
appealed but were not. Trial Court Op. at 13. This “systematic disparate
enforcement of the tax laws” created the violation of the Uniformity Clause. Valley
Forge, 163 A.3d at 978. It is well established that a “taxpayer is entitled to relief
under the Uniformity Clause where his property is assessed at a higher percentage
of fair market value than other properties throughout the taxing district.”
Downingtown Area School District, 913 A.2d at 199. Here, Taxpayers showed that
the School District’s appeal sought to assess their properties at a higher percentage
of fair market value than most other properties in the City.

 15
 Because Taxpayers demonstrated a violation of the Uniformity Clause,
the trial court appropriately quashed the School District’s outstanding appeals of 138
commercial and industrial properties for 2017.
 Conclusion
 The purpose of any assessment appeal, whether by the taxpayer or the
taxing authority, is to correct mistakes in the most recent countywide assessment. It
is not intended to function as a substitute for the countywide assessment required by
law. In GM Berkshire I, 257 A.3d 822, this Court upheld an assessment policy that
was triggered by a change in circumstance, i.e., a sale that showed the most recent
countywide assessment amount for that particular property to be in error. Further,
the policy was uniformly applied to all properties meeting the monetary threshold.
Even so, our holding received divided support from our Supreme Court.
 Taxing authority appeals yield more revenue for the taxing authority.
However, the purpose of a countywide reassessment is to correct all mistakes,
including those that fall upon overassessed properties. When the taxing authority
attempts an ersatz countywide correction of underassessments, it is the sole
beneficiary. Under the Uniformity Clause, however, some of that correction should
inure to the benefit of the overassessed taxpayer.
 Here, the School District’s stated policy was to appeal assessments that
were understated by $1 million. This will garner for the School District the entire
benefit and leave overassessed property owners bearing an unfair share of the tax
burden. Even so, the School District did not even attempt to capture each and every
assessment that was at least $1 million short of the fair market value. Cf. Kennett,
228 A.3d 29. The School District’s monetary threshold may have been neutral, but

 16
the implementation, perhaps too ambitious in scope, created a systematic and
disparate treatment of taxpayers, both the overassessed and the underassessed.
 For these reasons, we affirm the decision of the trial court.10

 ____________________________________________
 MARY HANNAH LEAVITT, President Judge Emerita

10
 As a result of our holding, we need not reach the School District’s second issue that tax years
2018 through 2021 became part of the appeal by operation of law. Section 518.1(b) of The General
County Assessment Law, added by the Act of December 28, 1955, P.L. 917, 72 P.S. §5020-
518.1(b). See also Macy’s Inc. v. Board of Property Assessment, Appeals, Review of Allegheny
County, 61 A.3d 361, 363 n.2 (Pa. Cmwlth. 2013).
 17
 IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The School District of Philadelphia, : CASES CONSOLIDATED
 Appellant :
 :
 v. : No. 195 C.D. 2021
 : No. 265 C.D. 2021
Board of Revision of Taxes, :
The City of Philadelphia, :
and Teva Pharmaceuticals USA :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 196 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and 401 Market Street a/k/a :
MREF 401 LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 197 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
1500 Net Works Associates :
a/k/a Net Works Building :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 198 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and PR Chestnut :
Associates LP :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 199 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Hub Properties Trust now owned by :
Commonwealth of PA - SEPTA :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 200 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Two Logan Square Associates :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 201 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and OLS Office :
Partners LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 202 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and Commerce :
Square Partners :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 203 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and Maguire/Thomas PTNS :
Phila Plaza Phase II :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 204 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and Cedar South Philadelphia :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 205 C.D. 2021
 : No. 223 C.D. 2021
Board of Revision of Taxes, : No. 259 C.D. 2021
The City of Philadelphia, : No. 260 C.D. 2021
and ARD Grant LP a/k/a : No. 285 C.D. 2021
The Court at Grant :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 206 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and 1760 Market Partners LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 207 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and SWP Real :
Estate LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 208 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and BA Parkway :
Associates II a/k/a Embassy Suites :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 209 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Public Storage Properties XVIII :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 210 C.D. 2021
 : No. 266 C.D. 2021
Board of Revision of Taxes, :
The City of Philadelphia, and :
SPSP Corporation :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 211 C.D. 2021
 : No. 252 C.D. 2021
Board of Revision of Taxes, The : No. 258 C.D. 2021
City of Philadelphia, and 2400 : No. 286 C.D. 2021
Market VII LP a/k/a Marketplace :
Design Center :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 212 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and 4401 :
Walnut Holdings LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 213 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
T C Pepper Building G P LLC :
a/k/a The Pepper Building :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 214 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Hill House Apartment Association :
a/k/a The Watermark :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 215 C.D. 2021
 : No. 218 C.D. 2021
Board of Revision of Taxes, :
The City of Philadelphia, :
and WWW Premier Holdings LLC :
a/k/a Winchester Walk :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 216 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and Offices at Two Liberty PL :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 217 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and CRP-Grep :
Rushwood LP a/k/a Rushwood :
Apartments now owned by :
RSW Premier Holdings LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 219 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and Charter Court :
Holdings LL a/k/a Charter Court :
Apartments :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 220 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Cedar Quartermaster LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 221 C.D. 2021
 : No. 283 C.D. 2021
Board of Revision of Taxes, The : No. 284 C.D. 2021
City of Philadelphia, and PR :
Northeast Limited Partnership :
a/k/a Northeast Tower Center :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 222 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and Red Lion :
MZL LP :

The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 224 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Center City Chestnut LLC :
a/k/a Nineteen Thirty Chestnut :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 226 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and 777 South Broad Street AS :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 227 C.D. 2021
 : No. 256 C.D. 2021
Board of Revision of Taxes, The :
City of Philadelphia, and PR Walnut :
Associates LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 228 C.D. 2021
 : No. 229 C.D. 2021
Board of Revision of Taxes, The :
City of Philadelphia, and Market Square :
Plaza I LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 253 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and Super Salvage, Inc. a/k/a CVS :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 254 C.D. 2021
 :
Board of Revision of Taxes, The City :
of Philadelphia, and 23rd Street :
Garage VII LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 255 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
618 Market LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 257 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and Brandywine :
Operating Partners LP a/k/a Bell :
Atlantic Tower :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 261 C.D. 2021
 : No. 262 C.D. 2021
Board of Revision of Taxes, The :
City of Philadelphia, and Two :
Liberty Place LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 263 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Brandywine Operating Part :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 264 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Philadelphia-Harbison LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 268 C.D. 2021
 :
Board of Revision of Taxes, The City :
of Philadelphia, and Treeco/Manor :
Limited Part :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 269 C.D. 2021
 :
Board of Revision of Taxes, The City :
of Philadelphia, and Jar Chocolate Works :
LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 270 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and 1616-26 :
Walnut Street :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 272 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and PECO :
Energy Company :
 :
The School District of Philadelphia, :
 Appellant, :
 :
 v. : No. 273 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, :
and Charter School Holdings LL :
a/k/a Charter Court Apartments :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 274 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Phila Liberty PLA E LP a/k/a/ Liberty One :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 275 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Panco CC Rittenhouse Row :
Rittenhouse Row Investors a/k/a :
American Patriots Bldg :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 276 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Post Rittenhouse Hill LP a/k/a :
Rittenhouse Hill Apartments :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 277 C.D. 2021
 :
Board of Revision of Taxes, The City :
of Philadelphia, and Boulevard North :
Associate a/k/a Whitman Square :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 278 C.D. 2021
 :
Board of Revision of Taxes, The City :
of Philadelphia, and Cedar Quartermaster :
II LL :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 279 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Boulevard North Associate LP :
a/k/a Whitman Square :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 280 C.D. 2021
 : No. 282 C.D. 2021
Board of Revision of Taxes, The City :
of Philadelphia, and Delaware East Assoc :
LP a/k/a Columbus Commons :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 281 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and Delaware :
East Assoc a/k/a Columbus :
Commons :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 287 C.D. 2021
 :
Board of Revision of Taxes, The City :
of Philadelphia, and Center City Walnut :
LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 288 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and Delaware :
East Associates a/k/a Columbus :
Commons :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 419 C.D. 2021
 : Argued: March 7, 2023
Board of Revision of Taxes, The :
City of Philadelphia, and G2 S2 :
ASSPC LP a/k/a 1605 Sansom :
 ORDER

 AND NOW, this 6th day of October, 2023, the order of the Court of
Common Pleas of Philadelphia County, dated February 5, 2021, in the above-
captioned matters, is AFFIRMED.

 ____________________________________________
 MARY HANNAH LEAVITT, President Judge Emerita
 IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The School District of Philadelphia, : CASES CONSOLIDATED
 Appellant :
 :
 v. : No. 195 C.D. 2021
 : No. 265 C.D. 2021
Board of Revision of Taxes, :
The City of Philadelphia, and :
Teva Pharmaceuticals USA :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 196 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and 401 :
Market Street a/k/a MREF 401 LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 197 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and 1500 :
Net Works Associates a/k/a Net :
Works Building :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 198 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and PR :
Chestnut Associates LP :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 199 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Hub Properties Trust now owned by :
Commonwealth of PA – SEPTA :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 200 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Two Logan Square Associates :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 201 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
OLS Office Partners LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 202 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Commerce Square Partners :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 203 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Maguire/Thomas PTNS Phila :
Plaza Phase II :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 204 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Cedar South Philadelphia :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 205 C.D. 2021
 : No. 223 C.D. 2021
Board of Revision of Taxes, : No. 259 C.D. 2021
The City of Philadelphia, and ARD : No. 260 C.D. 2021
Grant LP a/k/a The Court at Grant : No. 285 C.D. 2021
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 206 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
1760 Market Partners LP :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 207 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
SWP Real Estate LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 208 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
BA Parkway Associates II a/k/a :
Embassy Suites :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 209 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Public Storage Properties XVIII :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 210 C.D. 2021
 : No. 266 C.D. 2021
Board of Revision of Taxes, :
The City of Philadelphia, and :
SPSP Corporation :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 211 C.D. 2021
 : No. 252 C.D. 2021
Board of Revision of Taxes, : No. 258 C.D. 2021
The City of Philadelphia, and 2400 : No. 286 C.D. 2021
Market VII LP a/k/a Marketplace :
Design Center :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 212 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and 4401 :
Walnut Holdings LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 213 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
T C Pepper Building G P LLC :
a/k/a The Pepper Building :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 214 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Hill House Apartment Association :
a/k/a The Watermark :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 215 C.D. 2021
 : No. 218 C.D. 2021
Board of Revision of Taxes, :
The City of Philadelphia, and :
WWW Premier Holdings LLC :
a/k/a Winchester Walk :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 216 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Offices at Two Liberty PL :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 217 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
CRP-Grep Rushwood LP a/k/a :
Rushwood Apartments now owned :
by RSW Premier Holdings LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 219 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Charter Court Holdings LL a/k/a :
Charter Court Apartments :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 220 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Cedar Quartermaster LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 221 C.D. 2021
 : No. 283 C.D. 2021
Board of Revision of Taxes, : No. 284 C.D. 2021
The City of Philadelphia, and PR :
Northeast Limited Partnership :
a/k/a Northeast Tower Center :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 222 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Red Lion MZL LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 224 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Center City Chestnut LLC :
a/k/a Nineteen Thirty Chestnut :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 226 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
777 South Broad Street AS :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 227 C.D. 2021
 : No. 256 C.D. 2021
Board of Revision of Taxes, :
The City of Philadelphia, and PR :
Walnut Associates LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 228 C.D. 2021
 : No. 229 C.D. 2021
Board of Revision of Taxes, :
The City of Philadelphia, and :
Market Square Plaza I LLC :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 253 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and Super :
Salvage, Inc. a/k/a CVS :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 254 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
23rd Street Garage VII LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 255 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
618 Market LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 257 C.D. 2021
 :
Board of Revision of Taxes, The :
City of Philadelphia, and Brandywine :
Operating Partners LP a/k/a Bell :
Atlantic Tower :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 261 C.D. 2021
 : No. 262 C.D. 2021
Board of Revision of Taxes, :
The City of Philadelphia, and :
Two Liberty Place LP :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 263 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Brandywine Operating Part :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 264 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Philadelphia-Harbison LP :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 268 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Treeco/Manor Limited Part :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 269 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Jar Chocolate Works LP :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 270 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
1616-26 Walnut Street :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 272 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
PECO Energy Company :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 273 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Charter School Holdings LL :
a/k/a Charter Court Apartments :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 274 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Phila Liberty PLA E LP a/k/a :
Liberty One :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 275 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Panco CC Rittenhouse Row :
Rittenhouse Row Investors a/k/a :
American Patriots Bldg :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 276 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Post Rittenhouse Hill LP a/k/a :
Rittenhouse Hill Apartments :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 277 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Boulevard North Associate a/k/a :
Whitman Square :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 278 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Cedar Quartermaster II LL :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 279 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Boulevard North Associate LP :
a/k/a Whitman Square :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 280 C.D. 2021
 : No. 282 C.D. 2021
Board of Revision of Taxes, :
The City of Philadelphia, and :
Delaware East Assoc LP a/k/a :
Columbus Commons :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 281 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Delaware East Assoc a/k/a :
Columbus Commons :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 287 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Center City Walnut LLC :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 288 C.D. 2021
 :
Board of Revision of Taxes, :
The City of Philadelphia, and :
Delaware East Associates a/k/a :
Columbus Commons :
 :
The School District of Philadelphia, :
 Appellant :
 :
 v. : No. 419 C.D. 2021
 : Argued: March 7, 2023
Board of Revision of Taxes, :
The City of Philadelphia, and :
G2 S2 ASSPC LP a/k/a 1605 Sansom :

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
 HONORABLE ANNE E. COVEY, Judge
 HONORABLE MARY HANNAH LEAVITT, Senior Judge

DISSENTING OPINION BY
PRESIDENT JUDGE COHN JUBELIRER FILED: October 6, 2023

 Because I believe that the School District of Philadelphia’s (School District)
policy for determining which property assessments to appeal was based on a specific
monetary threshold and was implemented without regard for a real property’s
classification, sub-classification, or ownership, I would hold that the policy does not
violate the Uniformity Clause of the Pennsylvania Constitution, Pa. Const. art. VIII,
§ 1,1 and is not inconsistent with the Pennsylvania Supreme Court’s holding in Valley

 1
 The Uniformity Clause of the Pennsylvania Constitution provides that “[a]ll taxes shall
be uniform, upon the same class of subjects, within the territorial limits of the authority levying
(Footnote continued on next page…)
Forge Towers Apartments N, LP v. Upper Merion Area School District, 163 A.3d
962 (Pa. 2017) and its progeny. Therefore, I must respectfully dissent from the
majority’s careful analysis.
 In Valley Forge, the Pennsylvania Supreme Court held that the school
district’s preliminary objections should not have been sustained because the
appellant’s complaint had “set[] forth a valid claim that the [s]chool [d]istrict’s
appeal policy violate[d] the Uniformity Clause.” 163 A.3d at 980. Upon noting that
a salient aspect of the parties’ dispute involved the manner in which this Court had
understood the Supreme Court’s pronouncements regarding the comparative tax-
fairness requirements of the Uniformity Clause and the Federal Equal Protection
Clause, see U.S. Const. amend. XIV, the Valley Forge Court summarized two
precepts it had previously articulated and found relevant to its analysis therein as
follows:

 First, all property in a taxing district is a single class, and, as a
 consequence, the Uniformity Clause does not permit the government,
 including taxing authorities, to treat different property sub-
 classifications in a disparate manner. Second, this prohibition applies
 to any intentional or systematic enforcement of the tax laws, and is not
 limited solely to wrongful conduct.

Id. at 975 (citations omitted). The Supreme Court held that these principles lead to
a conclusion “that a taxing authority is not permitted to implement a program of only
appealing the assessments of one sub-classification of properties, where that sub-

the tax, and shall be levied and collected under general laws.” Pa. Const. art. VIII, § 1. This Court
has held that the Uniformity Clause ensures that “a taxpayer should pay no more or no less than
[the taxpayer’s] proportionate share of the cost of government.” In re Sullivan, 37 A.3d 1250,
1254-55 (Pa. Cmwlth. 2012) (quoting Deitch Co. v. Bd. of Prop. Assessment, Appeals & Rev. of
Allegheny Cnty., 209 A.2d 397, 401 (Pa. 1965)).

 RCJ - 2
classification is drawn according to property type—that is, its use as commercial,
apartment complex, single-family residential, industrial, or the like.” Id. at 978.
 The Supreme Court explained that it did not disagree with the result this Court
reached in In re Springfield School District, 101 A.3d 835 (Pa. Cmwlth. 2014),
wherein property owners had challenged a school district’s policy of utilizing a
monetary threshold to determine which properties to appeal and “did not allege a
scheme involving disparate treatment of property sub-classifications drawn
according to property type or the status of its owner as a resident or non-resident of
the taxing district.” Valley Forge, 163 A.3d at 975 n.13. The Supreme Court noted
that, instead, the school district appealed only “properties for which a recent sales
price was at least $500,000 greater than its implied market value, defined as the
assessed value divided by the” County’s Common Level Ratio. Id. at 979 n. 19. The
Supreme Court stressed:

 We pause at this juncture to clarify that nothing in this opinion should
 be construed as suggesting that the use of a monetary threshold—
 such as the one challenged in Springfield—or some other selection
 criteria would violate uniformity if it were implemented without
 regard to the type of property in question or the residency status of
 its owner. Such methodologies are not presently before the Court.

Id. at 979 (footnote omitted) (emphasis added).

 In addition, Section 8855 of the Consolidated County Assessment Law
provides in relevant part that “[a] taxing district shall have the right to appeal any
assessment within its jurisdiction in the same manner, subject to the same procedure
and with like effect as if the appeal were taken by a taxable person with respect to
the assessment.” 53 Pa.C.S. § 8855. However, when a taxing authority exercises
this discretionary power, it must do so within “constitutional boundaries.” Valley

 RCJ - 3
Forge, 163 A.3d at 980. Those constitutional boundaries are violated if a taxing
authority has a policy to appeal only “the assessments of one sub-classification of
properties, where that sub-classification is drawn according to property type.” Id. at
978.
 Most recently this Court discussed Valley Forge and our previous decision in
Kennett Consolidated School District v. Chester County Board of Assessment
Appeals, 228 A.3d 29 (Pa. Cmwlth.), appeal granted, 240 A.3d 611 (Pa. 2020),
appeal dismissed as improvidently granted, 259 A.3d 890 (Pa. 2021) as follows:

 In Kennett, we considered a taxpayer’s challenge to a trial court’s denial
 of its motion to quash the school district’s assessment appeal of its
 property. 228 A.3d at 31. Relying on the Supreme Court’s analysis in
 Valley Forge, the taxpayer argued that the school district violated the
 Uniformity Clause by: (1) appealing the assessments of only
 commercial properties; and (2) setting a monetary threshold targeting
 properties under[ ]assessed by $1 million. Id. at 34.

 On appeal, this Court affirmed the trial court’s ruling, holding:

 We conclude that [the school district’s] appeal practices
 did not violate the Uniformity Clause. Under Valley
 Forge, [the school district’s] actions were constitutionally
 firm. The record reflects that [the school district]
 intentionally disregarded the type of property and, thus, it
 cannot be said that [its] actions in appealing the
 assessments of commercial properties were intentional.
 Where, as here, a taxing authority intentionally disregards
 the type of property when deciding what property
 assessments to appeal, its conduct is inherently not
 deliberate. Moreover, [the school district’s] actions did
 not systematically target commercial properties, but,
 rather, only focused on properties that would be worth the
 cost and expense of an appeal. Valley Forge makes it
 abundantly clear that there is a balance to be struck
 between a school district’s ability to appeal an assessment
 and the Uniformity Clause. Thus, a school district’s
 policy that attempts to be fiscally responsible by only

 RCJ - 4
 appealing assessments that would generate enough
 revenue to justify the cost of the appeal does not violate
 the Uniformity Clause.

 Id. at 37 (emphasis added). We further clarified that “[t]he mere fact
 that all appealed properties were commercial does not per se create
 a violation of the Uniformity Clause. This is especially so in light of
 [the school district’s] intentional disregard for the nature of the
 property.” Id. at 39 (emphasis added). Thus, Kennett reiterates the
 principle that selection of properties for assessment based solely on
 property type violates the Uniformity Clause, whereas selection
 based on financial reasons, without regard to property type, does
 not.

Duffield House Assocs., L.P. v. City of Philadelphia, 260 A.3d 329, 343-44 (Pa.
Cmwlth. 2021) (Duffield House) (italics in original, boldface type added).
 A few weeks before our Duffield House decision, this Court decided GM
Berkshire Hills LLC v. Berks County Board of Assessment, 257 A.3d 822 (Pa.
Cmwlth. 2021) (GM Berkshire I), affirmed by an equally divided court, 290 A.3d
238 (Pa. 2023) (GM Berkshire II).2 In GM Berkshire I, GM Berkshire challenged
the school district’s use of recently sold properties as a basis for selecting properties
for tax appeal and maintained that a consideration of only a subclass of properties
that were under new ownership violates both the federal Equal Protection Clause and
Pennsylvania’s Uniformity Clause. This Court concluded that

 the [d]istrict’s method of selecting properties for assessment appeals
 comports with the Commonwealth’s present jurisprudence on the
 subject of property assessment uniformity. Using recent sales prices as
 part of the selection of properties for appeals is a quantitative method

 2
 Where our Supreme Court is equally divided, the effect of the split is affirmance of the
intermediate appellate court decision. Borkey v. Twp. of Ctr., 847 A.2d 807, 814 (Pa. Cmwlth.
2004).

 RCJ - 5
 of reasonably ascertaining a property owner’s fair share of the tax
 burden, because such figures represent the kind of evidence of market
 value that a school district must show when it appeals an assessment.
 See Aetna Life Ins. Co. v. Montgomery Cnty. Bd. of Assessment
 Appeals, 111 A.3d 267, 283 (Pa. Cmwlth. 2015) (“evidence of private
 sales is admissible to determine fair market value”).

 Further, as applied by the [d]istrict, this method employs a purely
 economic approach that is practical for the [d]istrict yet does not
 improperly differentiate based on property type, which is the type
 of approach our Supreme Court condoned in Valley Forge [] and
 which this Court subsequently accepted in Punxsutawney [Area
 School District v. Broadwing Timber, LLC, (Pa. Cmwlth., No. 1209
 C.D. 2018, filed October 29, 2019),] and East Stroudsburg [Area
 School District v. Meadow Lake Plaza, LLC, (Pa. Cmwlth. No. 371
 C.D. 2018, filed October 17, 2019)]. As such, we agree with the trial
 court that the [d]istrict’s method did not violate either the Equal
 Protection Clause of the [United States] Constitution or the Uniformity
 Clause of the Pennsylvania Constitution.

GM Berkshire I, 257 A.3d at 835 (emphasis added). We also explained that we had
affirmed the trial court in Kennett based upon Valley Forge, Springfield Township,
and Punxsutawney.3

 [b]ecause the evidence established that the school district used a
 purely monetary approach and had not intentionally selected
 property assessments to appeal based on property type (commercial
 vis-à-vis residential), we held [in Kennett] no constitutional violation
 occurred, reasoning that the school district’s “disregard of property type
 cannot logically equate to unlawful treatment based upon property
 type.” [228 A.3d] at 39. We also rejected [commercial property
 owner’s] as-applied or disparate impact claim: “The mere fact that all
 appealed properties were commercial does not per se create a
 violation of the Uniformity Clause.” Id.

 3
 In Punxsutawney, this Court stated that even though the district’s practice had not resulted
in any appeals of residential properties, the monetary threshold employed was facially neutral and
did not foreclose the possibility of that occurrence in the future. Id., slip. op. at 9.
 RCJ - 6
Id. at 832. As previously stated, an equally divided Pennsylvania Supreme Court
recently affirmed this Court’s decision in GM Berkshire I that the school district’s
method of selecting properties for appeal did not violate the Uniformity Clause. See
GM Berkshire II, 290 A.3d at 238.

 Herein, before the Court of Common Pleas of Philadelphia County (trial
court), owners of some of the 138 properties (Taxpayers) appealed by the School
District of Philadelphia (School District) presented the testimony of Uri Zvi Monson,
the Chief Financial Officer for the School District, as on cross-examination. Mr.
Monson was the chief architect of the tax assessment program implemented by the
School District starting in tax year 2017 and presented his idea to the School Reform
Commission. (Reproduced Record (R.R.) at 33a.) The policy concentrated only on
properties for tax years 2017 and 2018 where it would be “reasonably likely that an
appeal of assessed value [would] yield a minimum of” $7,500 of additional school
tax revenue, which would require that the properties have been under assessed by
approximately $1 million. (Id. at 33a-34a, 37a, 53a-54a.) When making this
business decision, Mr. Monson considered the “risk and reward” in using the
monetary threshold of $7,500 as that was a number at “which the value to the School
District outweighed its cost.” (Id. at 36a.) The request for proposals (RFP) was issued
by the School District on August 9, 2016, and Mr. Monson directed prospective
bidders to submit proposals by August 25, 2016, which left him a fairly compressed
time frame in which to implement the policy. (Id. at 37a, 41a.) Mr. Monson knew
he could not evaluate all of the properties in the City within that time frame. (Id. at
41a.)
 One of the reasons for the tax assessment program “was to assess those
properties that had not been reassessed most recently by the City, and one portion of
those was commercial and industrial properties.” (Id. at 52a.; see also id. at 335a.)
 RCJ - 7
The School District was not responsible for doing an evaluation of fair market value
when identifying properties. (Id. at 54a.) Critically, Mr. Monson did not reject any
property because it was a residence if it met the other criteria the School District had
established, and the School District did not perform an analysis as to what impact
the $7,500 threshold would have on any particular class of property. (Id. at 58a-
59a, 64a.)
 Daniel Charles Rudderow also testified as on cross-examination. Mr.
Rudderow served as a member of Keystone Realty Advisors, LLC (Keystone). (Id.
at 65a-66a). One of the “tasks of Keystone was to recommend properties in [the
City of Philadelphia (City)] where an appeal of” its assessed value was reasonably
likely to yield in excess of $7,500 in additional tax revenue for the School District.
(Id. at 68a.) The deadline for the completion of the project was the appeal filing
deadline of October 3, 2016, leaving Mr. Rudderow three weeks to complete his
recommendations as to any properties that he “felt were appropriate under the
[monetary] threshold.” (Id. at 68a-69a.) As part of his review of properties to
recommend for appeal, Mr. Rudderow employed a spreadsheet from information that
appears on OpenPhillydata.com and was prepared by the Office of Property
Assessment. (Id. at 74a.) Although he had approximately 580,000 properties in the
City from which to choose, Mr. Rudderow decreased the properties that appeared on
the spreadsheet by randomly removing approximately 520,000 of them to make the
list more manageable. Mr. Rudderow explained that he then “eyeballed” the
remaining approximately 65,000 properties and reviewed about 266 of them. (Id. at
77a-78a.) To aid him in his review, Mr. Rudderow added some columns to his
spreadsheet. He labeled one of those columns “delta,” which represented “the
difference between the current assessed value and the most recent sale price” of a

 RCJ - 8
property. (Id. at 79a.) He labeled a second column “tax,” which illustrated what
would be the likely additional tax revenue based on the delta if that particular
property was to be appealed. Id. From his initial list, Mr. Rudderow ultimately
identified a sample of 138 properties. Although no single-family residences were
among them, the properties chosen were a combination of industrial, commercial
office, retail, vacant land, and multi-family residential apartment buildings. (Id. 70a-
72a.) During his review, Mr. Rudderow would highlight properties on his
spreadsheet; if he did not think a particular property met the monetary threshold, he
would not recommend it for appeal. (Id. 81a-82a.)
 Mr. Rudderow did not employ a specific system for his review, but rather
sought to “get a broad base of properties” and sorted them “by the size of the
assessment.” (Id. at 83a.) Mr. Rudderow consulted with CoStar, a source which
contains significant transaction information pertaining to commercial properties, and
the Philadelphia Business Journal and Greater Philadelphia Market, both of which
primarily report commercial transactions, but he did not locate any residential
properties by using these sources. (Id. 83a-86a.) Mr. Rudderow also consulted a
mapping feature to target certain neighborhoods on Zillow, a site that deals primarily
with residential properties, to look for big sales of single-family residential
properties, as well as Google, but was unable to discover single-family residences to
review as part of his project. This did not surprise him because they had recently
been reassessed. (Id. at 86a-89a.) He ultimately did highlight 26 properties on his
spreadsheet that he identified as single-family residential, which were single-family
condominium units. (Id. 90a-91a, 109a.) However, after he further studied a
particular residential unit, it became “crystal clear” to Mr. Rudderow that neither it
nor any of the others in the neighborhood would meet the School District’s threshold.

 RCJ - 9
(Id. at 105a.) Because he had only three weeks in which to complete his review, he
did not deem it to be a good use of his time to continue searching further for other
residential properties that would have met the monetary threshold. (Id. at 110a-13a.)
As Mr. Rudderow clarified:

 I devoted my time to the properties that had not been recently
 reassessed—the majority of my time to properties that had not been
 recently reassessed, including some of the most under assessed
 properties in the [C]ity. And I only had three weeks, so I had to make
 a judgment call in that regard. But I think if I reviewed any of these, I
 absolutely would have recommended them if I were comfortable in that
 they would have met the threshold.

(Id. at 113a.)
 On November 25, 2020, Kevin Flynn testified for Taxpayers as an expert in
real estate appraisals as follows. Mr. Flynn stated his understanding was that “[t]he
policy established under the RFP was to identify properties that would, if appealed,
would likely generate an additional $7,500 in revenue to the School District.” (Id.
at 144a.) To achieve this, the assessment would have to increase by roughly
$976,000. (Id.) Mr. Flynn noted that when he conducted his review, he discovered
Keystone’s list for 2018 included 33 single-family properties that were
recommended for appeal that could have met the requirements of the School
District’s policy in 2017. (Id. at 145a-48a.) Mr. Flynn noted that 15 of the
properties were identified on Mr. Rudderow’s 2017 spreadsheet, but they had not
been highlighted. (Id. at 172a-73a.) Mr. Flynn proceeded to detail the methodology
he utilized in reviewing assessments and ultimately concluded that even though Mr.
Rudderow had highlighted certain properties on his 2017 review spreadsheet as
being residential properties, none of them are single-family residential dwellings. (Id.
at 164a.) Mr. Flynn observed that Mr. Rudderow’s spreadsheet contained roughly

 RCJ - 10
65,000 lines with the highlighted lines being located generally at the beginning and
end, with no highlights in the bulk of the middle. (Id. at 166a.) Mr. Flynn admitted
he did not perform any independent research to identify properties that satisfied the
monetary threshold, as that was beyond the scope of his analysis; rather, he reviewed
the list of properties Keystone recommended for appeal in 2018 and determined
which of them may have met the monetary threshold in 2017. (Id. at 174a-76a.)
 Following the hearing, the trial court issued findings of fact and an order on
February 5, 2021, wherein the trial court granted Taxpayers’ motions to quash the
School District’s appeals from the decisions of the Board. In doing so, the trial court
found that “[t]he [p]olicy was for the School District to appeal properties that, based
upon a comparative review and evaluation, appeared to be under-valued in relation
to the then existing tax assessments, with a focus on properties which were
reasonably likely to generate at least $7,500.00 in additional tax revenue to the
School District.” (2/5/21 Trial Court Opinion (Op.) at 4-5 (emphasis added).) The
trial court further found that the School District did not file any appeals to the
assessment of single-family, residential dwellings in the City. (Id. at 6.) The trial
court observed that Mr. Rudderow did not use Multiple Listing Services, which
would have given him residential property sales data and instead he relied on
services geared towards non-residential transactions. (Id. at 7.) The trial court
stated, “[t]his is a situation where the School District’s policy may have been sound,
but the hasty implementation of the policy and its ultimate result were not.
Therefore, the School District violated the Uniformity Clause in the selection of [its]
2017 assessment appeals.” (Id. at 9.)
 Likening this case to Valley Forge and stressing it “[i]mportantly . . . [was]
not ruling on the validity of the [p]olicy itself, but its implementation,” the trial court

 RCJ - 11
stated that because the end result herein was that only commercial property
assessments were appealed, the “uniformity concepts set forth in Valley Forge” were
violated. (Id. at 12; see also id. at 14 (“[T]he Court is not making a finding as to the
constitutionality of the ‘policy’, or the intent, but the implementation.”).) The trial
court also noted that none of the cases upon which the School District had relied
“contain a factual record of such a hurried, hasty application of a monetary threshold
as the one discussed above” and that but for the lack of time, 33 residential properties
could have been appealed in tax year 2017. (Id. at 12-13.) The trial court stated that
“regardless of whether or not the School District’s conduct was wrongful, the record
is clear that the rushed, piecemeal implementation of its assessment appeal [p]olicy
violated fundamental uniformity principles” in that it excluded sub-classifications
such as single-family residential properties that met the monetary threshold. (Id. at
14.)
 Critically, in Valley Forge the Supreme Court did not find a Uniformity
Clause violation based upon the fact that the selection process led to appeals being
filed to only commercial property assessments. Rather, Valley Forge required that
the “other selection criteria” used by a taxing authority, whether a monetary
threshold or some other methodology, be implemented in a neutral manner
without regard for property sub-classification. 163 A.3d at 979 see also
Punxsutawney, slip op. at 8. In deeming the policy to be unconstitutional by
interpreting the term “implemented” without consideration of the cited quote in the
larger context of the Supreme Court’s analysis in Valley Forge, the trial court
effectively carved out another criterion which must be met for a policy to be deemed
constitutionally sound, i.e., a consideration of the timeline of its implementation.

 RCJ - 12
However, in light of Valley Forge and its progeny, the time period in which Mr.
Rudderow was given to complete his review in 2017 is inapposite.
 Moreover, the trial court focused upon the Supreme Court’s use of the word
“implemented” in Valley Forge when it stated that a neutral selection criterion is
constitutional so long as it was “implemented without regard to the type of property
in question or the residency status of its owner.” (Trial Court Op. at 13-14 (citing
Valley Forge, 163 A.3d at 979) (emphasis omitted).) Noting “that the
implementation of the [p]olicy excluded other sub-classifications, such as single-
family residential properties that met the monetary threshold stated in the School
District’s appeal policy[,]” the trial court concluded Taxpayers have demonstrated a
Uniformity Clause violation through the School District’s “exercise[] [of] discretion
well outside of the constitutional boundaries by failing to take the time to ensure that
the taxing system was implemented in a non-discriminatory way.” (Id. at 14-15.)
 The majority finds that “[t]he record fully supports the trial court’s ‘core
holdings’” as “the evidence showed that the implementation of the School District’s
policy was not neutral but tilted toward the selection of a sub[-]classification or
properties, i.e., commercial and industrial, as found by the trial court.” The Sch.
Dist. of Philadelphia. v. Bd. of Rev. of Taxes, The City of Philadelphia, and Teva
Pharmaceuticals USA, __ A.3d __, __ (Pa. Cmwlth., No. 195 C.D. 2021, et al., filed
October 6, 2023), slip op. at 13-14. The majority also states that Mr. Rudderow
selected properties to review “using a random and piecemeal methodology that was
neither objective nor neutral[]” Id., __ A.3d at __, slip op at 13. However, the
School District did not treat property sub-classifications in a disparate manner as
proscribed by Valley Forge, but rather, in an effort to be fiscally responsible by
appealing only tax assessments that would generate sufficient revenue to justify the

 RCJ - 13
cost of an appeal, prescribed a monetary threshold to determine which property tax
assessments to appeal. This practice is permitted by Springfield Township and
deemed to be constitutional under Valley Forge so long as the School District’s
actions did not systematically target commercial properties. Mr. Rudderow’s
unrefuted testimony established that he had not been tasked with targeting specific
types of property when engaging in the selection process and that his analysis was
based solely on an application of the $7,500 monetary threshold. (R.R. at 68a-69a,
77a, 82a-83a.)
 Significantly, while he found fault with Mr. Rudderow’s methodology and the
timeline in which he had to conduct his review, Taxpayers’ own witness, Mr. Flynn,
explained his understanding of the policy’s purpose “was to identify properties that
would, if appealed, would likely generate an additional $7,500 in revenue to the
School District.” (Id. at 144a.) While it is true that Mr. Rudderow was working
within time constraints which prevented him from analyzing as many properties as
he may have otherwise liked to consider in the first phase of the policy in 2017, he
explained that the manner in which he worked and the reasoning behind his ultimate
recommendations were done without regard to property type.
 Moreover, Mr. Rudderow explained the methodology under which he worked
to complete his recommendations. The spreadsheet he created contained a broad
base of both commercial and residential properties, and residential properties were
among those he highlighted and felt would meet the $7,500 monetary threshold. He
also consulted with multiple online sources as an aid in identifying potential
properties and focused upon those which had not been reassessed recently. (Id. at
83a-90a.) Mr. Rudderow explained that while his research did not direct him to many
residential properties that would have met the threshold, he “absolutely would have

 RCJ - 14
recommended” residential properties for appeal if he were comfortable that they
would have met it. (Id. at 113a.) Nowhere does Mr. Rudderow indicate that the
School District either explicitly or implicitly directed him to consider only
commercial properties when deciding whether to recommend a property for an
assessment appeal. Indeed, Mr. Flynn acknowledged that Keystone’s list for 2018
recommended 33 single-family, residential properties for appeal, and 15 of them
were on Mr. Rudderow’s 2017 spreadsheet. (Id. at 172a.) For these reasons, I cannot
agree that “[Mr.] Rudderow’s idiosyncratic and subjective selection of under[
]assessed properties was arbitrary and deliberately exempted from review numerous
properties that could have yielded an additional $7,500 in annual tax revenue.” The
Sch. Dist. of Philadelphia, __ A.3d at __, slip op. at 15.
 In this regard, our analysis in Kennett is instructive herein.

 Our conclusion in Punxsutawney is persuasive and applicable here,
 because the actions of [the school d]istrict are similar to those of the
 school district in Punxsutawney. First, just as the school district in
 Punxsutawney did not base its decision to appeal the assessment based
 on the type of the property, neither did [the school d]istrict.
 Specifically, [the school d]istrict directed its consultant as follows,
 “[p]lease do not limit your review to any particular class of properties
 in the [s]chool [d]istrict, but review all classes of properties including
 commercial, residential, and otherwise.” In the same likeness, both [the
 school d]istrict and the school district in Punxsutawney disregarded the
 nature of the property. As we explained above, this is in accord with
 our Supreme Court’s holding in Valley Forge, because [the school
 d]istrict’s disregard of property type cannot logically equate to unlawful
 treatment based upon property type.

 Moreover, the facially neutral action employed by [the school d]istrict
 is not sufficient to result in a violation of the Uniformity Clause. As in
 Punxsutawney, there is no indication [the school d]istrict would not
 have appealed the assessment of residential properties in the event that
 such properties would have fallen within its fiscal parameters. [The
 school d]istrict is concerned with maximizing its revenue, as was the
 school district in Punxsutawney. The mere fact that all appealed
 RCJ - 15
 properties were commercial does not per se create a violation of the
 Uniformity Clause. This is especially so in light of [the school
 d]istrict’s intentional disregard for the nature of the property.
 Therefore, this Court concludes there is no violation of the
 Uniformity Clause with respect to a property type classification.

 ***

 In East Stroudsburg, the taxpayers owned property within the East
 Stroudsburg School District. Id.[, slip op.] at 2. In 2016, the school
 district began filing assessment appeals in an attempt to increase
 revenue. Id. at 3. The school district wanted to assure that it was
 targeting properties for which the assessment appeals would generate
 sufficient revenue to justify the costs of appeals. Id. Thus, the school
 district decided that it would target “any and all properties” that would
 generate at least $10,000.00 in additional revenue. Id. at 4.
 Significantly, we noted that the school district would have filed
 assessment appeals relating to residential properties had any
 residential properties met the threshold. Id. at 4.

Kennett, 228 A.3d at 39-41 (emphasis added; citations to the record omitted; some
brackets added).
 The record reveals that Mr. Rudderow implemented his analysis without
consideration of property type or owner and focused on meeting the $7,500 monetary
threshold set by the School District. The trial court did not consider the neutral and
pecuniary nature of the process and decided not to rule on the plan itself, deeming
it to be unconstitutional based upon its view that time constraints under which
the plan was implemented led the School District to appeal only commercial
properties. In doing so, the trial court committed an error of law, for this result
contravenes that reached in Kennett, East Stroudsburg, and Punxsutawney.
 In accordance with the foregoing, I would hold that the School District’s
policy for determining what property assessments to appeal, which is based on a
specific monetary threshold and without regard for a real property’s classification,

 RCJ - 16
sub-classification, or ownership, does not violate the Uniformity Clause and is
not inconsistent with our Supreme Court’s holding in Valley Forge and its
progeny. Accordingly, I would reverse the trial court’s Order granting Taxpayers’
motions to quash the School District’s assessments appeals; this Court would then
not need to reach the School District’s second issue as tax years 2018 through 2021
became part of the appeal by operation of law. 72 P.S. § 5020-518.1(b)4; see also
Macy’s Inc. v. Bd. of Prop. Assessment, Appeals, Rev. of Allegheny Cnty., 61 A.3d
361, 363 n. 2 (Pa. Cmwlth. 2013).

 __________________________________________
 RENÉE COHN JUBELIRER, President Judge

 4
 Section 518.1 of the Act of May 23, 1933, P.L. 853, as amended, added by the Act of
December 28, 1955, P.L. 917.
 RCJ - 17